Filed 6/12/26  Gan v. Sun CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  Ther opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| LIN GAN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FUXIN SUN,<br><br>    Defendant and Appellant. | B348624<br><br>(Los Angeles County<br>Super. Ct. No. 21PDFL00236) |

APPEAL from an order of the Superior Court of
Los Angeles County, Timothy Martella, Judge.  Affirmed.
Fuxin Sun, in pro. per., for Defendant and Appellant.
Lin Gan, in pro. per., for Plaintiff and Respondent.

_____

Defendant and appellant Fuxin Sun (father) appeals the trial court's June 3, 2025 order under Family Code section 6345, subdivision (a),[1] renewing a domestic violence restraining order (DVRO) protecting plaintiff and respondent Lin Gan (mother) and their minor son.  Father contends the trial court erred in granting mother's renewal request.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

### A.     *Background and Overview*

Father and mother were previously married and had a child; they divorced in February 2022.[2]  In June 2022, the trial court entered a three-year DVRO protecting mother and the child from father.  Father appealed, and the three-year DVRO was affirmed.  (*Sun v. Gan* (Sep. 14, 2023, B322142) [nonpub. opn.].)  Mother later requested a renewal of the DVRO.  After a contested hearing, the trial court granted mother's renewal request for a period of five years.  Father now appeals that renewal order.

---

[1] All further statutory references are to the Family Code unless otherwise stated.

[2] Portions of our recitation of facts and procedure are taken from our prior opinion in *Sun v. Gan* (Sept. 14, 2023, B322142) [nonpub. opn.]) and the underlying record on appeal.  (Evid. Code, § 452, subd. (d).)

**B.**   *Initial DVRO*

Mother filed a DVRO request in April 2022, accusing father of various incidents of abuse between 2018 and 2022, including acts of violence such as choking and slapping her, kicking in a door in front of the child, and sexually assaulting mother.  After a hearing in June 2022, the trial court granted mother's DVRO request, noting that father had no explanation for some of mother's injuries or the broken door, and that the child had been present for some of the incidents.  The court entered a restraining order for a period of three years, expiring June 6, 2025.  Among other things, the DVRO required father to not contact and to stay at least 100 yards away from mother and son, their home, school, and vehicle, except for court authorized visits.  An attachment to the court's order provided that father's visits with son were limited to a Facetime call at 4 p.m. every Sunday for up to 15 minutes.[3]

Father appealed the order granting mother's DVRO request, and another panel of this appellate court affirmed the DVRO.

**C.**   *DVRO Renewal*

On March 18, 2025, mother filed a request to renew the June 6, 2022 three-year restraining order for a period of five

---

[3] Father also filed his own DVRO request, based on the incident in 2022.  The court denied his DVRO request.

years.[4] At a hearing on June 3, 2025, mother testified about a number of instances when father parked near her house, or across the street from her house, and then departed when she saw him. Mother also testified father would often leave mail in her mailbox with no postage, so she knew he had done so in person. In addition, father emailed her legal documents claiming he would sue her. Mother presented the court with a photo from July 2022 showing father's car 16 feet from mother's driveway; mother testified she was standing at her front door when she took the photo, and she claimed that when father realized she had seen him, he started to back out. Mother also called the police when a friend of father's tried to enter her house to deliver documents. However, the court stated it would not consider such evidence in connection with the request for renewal of the DVRO, because it appeared to be an effort to serve legal papers. The court asked mother's counsel to focus on why a renewal was needed.

Mother testified that father's conduct caused mother to feel scared for herself and her son, to fear father would hurt her or her son. Mother explained that on September 8, 2024, her son made a police report of sexual harassment against father.

_____

[4] It appears from the appellate record that father did not designate the renewal request as a document to be included in the clerk's transcript. Because the reporter's transcript makes the basis for mother's request apparent, we proceed to review the merits of father's appeal, indulging in all presumptions and intendments in favor of the order on appeal. (See, e.g., *Mac v. Minassian* (2022) 76 Cal.App.5th 510, 517 [applying presumption in favor of judgment on a silent record, presuming fourth amended complaint was operative complaint, despite lack of signature on stipulation for filing].)

Because father was calling the son many times, she made a police report. Mother's counsel explained to the court that based on the ongoing investigation, the police officer had instructed mother to pause father's 15-minute weekly Facetime visits.

The court asked to hear from father, who claimed he only contacted his son once, and that all of mother's testimony was fabricated. Father denied parking outside mother's house, and when the court asked about mother's photo of his car, he explained that he lived next to her neighbor, and wasn't sure of the distance to mother's property. He added that mother called the police, who did not arrest him but accompanied him home. Father next asked to call a witness to testify about serving a document, but the court said it would not be considering that incident, so there was no need to hear from the witness.[5] The court also rejected father's attempt to address the original DVRO and his prior appeal. Next, father explained that the only time he communicated with his son beyond the authorized Facetime visits was to help his son with a violin father had purchased for the son, offering to provide the court with video evidence. The court stated it did not need to know about the violin, and if father wanted more interaction with son, he needed to apply to change his visitation order. Father continued trying to explain the impact of his limited access to son, and the court explained that it

---

[5] On January 26, 2026, father filed a Motion to Augment to Record on Appeal, seeking to augment the appellate record with documents he asserts support his argument that his presence near mother's home was related to his older son's efforts to serve documents on mother. Father's motion to augment is denied. As the court explained, it was not considering the service incidents as evidence in support of mother's request.

was not re-visiting the visitation order at this hearing, but that was an issue father could raise before the court that regularly handled custody matters in mother and father's family law case.

The court found sufficient evidence that mother had a reasonable fear of father's behavior continuing, and that father had violated the three-year DVRO when he sat in his car outside mother's residence and when he admittedly communicated with the son outside the restrictions of the visitation orders. The court also admonished mother's counsel that the prior 15-minute Facetime visitation order remained in place, and so absent a temporary restraining order or other modification, mother lacked authority to unilaterally end those visits.

The court granted mother's renewal request, and father timely appealed.

## DISCUSSION

Father bears the burden to show reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [appellant must demonstrate error justifying reversal].)

## A.    *Restraining Order Renewals*

Family Code section 6345, subdivision (a), authorizes a court to extend the term of an existing DVRO "upon the request of a party, either for five or more years, or permanently, at the discretion of the court, without a showing of further abuse since

6

the issuance of the original order."**6** (*Navarro v. Cervera* (2025) 108 Cal.App.5th 229, 237 (*Navarro*); *G.G. v. G.S.* (2024) 102 Cal.App.5th 413, 421.)

"The legal standard for renewal of a DVRO is whether the protected party entertains a reasonable apprehension of future abuse. (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290 (*Ritchie*).) '[T]his does not mean the court must find it is more likely than not that abuse will occur if the protective order is not renewed. It only means the evidence demonstrates it is more probable than not there is a sufficient risk of future abuse to find the protected party's apprehension genuine and reasonable.' (*Ibid.*) An imminent and present danger of abuse is not required; there must only be a reasonable apprehension that 'abuse will occur at some time in the future if the protective order is allowed to expire.' (*Id.* at p. 1288.)" (*Michael M. v. Robin J.* (2023) 92 Cal.App.5th 170, 179 (*Michael M.*).)

---

**6** The full text of the subdivision provides: "(a) In the discretion of the court, the personal conduct, stay-away, and residence exclusion orders contained in a court order issued after notice and a hearing under this article may have a duration of not more than five years, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party. These orders may be renewed, upon the request of a party, either for five or more years, or permanently, at the discretion of the court, without a showing of further abuse since the issuance of the original order. Renewals and subsequent renewals shall be subject to termination, modification, or subsequent renewal by further order of the court either on written stipulation filed with the court or on the motion of a party. The request for renewal may be brought at any time within the three months before the expiration of the orders." (§ 6345, subd. (a).)

7

A court ruling on a renewal request considers three factors to assess whether the requesting party has a reasonable apprehension of future abuse: (1) "the evidence and findings on which the initial DVRO was based" (*Michael M., supra*, 92 Cal.App.5th at p. 180; *Ritchie, supra*, 115 Cal.App.4th at p. 1290); (2) changes in the circumstances surrounding the events justifying the initial DVRO (*Michael M.,* at p. 180; *Ritchie*, at p. 1291); and (3) " 'the seriousness and degree of risk, such as whether it involves potential physical abuse, and the burdens the protective order imposes on the restrained person, such as interference with job opportunities' " (*Michael M.,* at p. 180; *Ritchie*, at p. 1291).

"[S]ection 6345 makes it unnecessary for the protected party to introduce or the court to consider actual acts of abuse the restrained party committed after the original order went into effect. It would be anomalous to require the protected party to prove further abuse occurred in order to justify renewal of that original order. If this were the standard, the protected party would have to demonstrate the initial order had proved ineffectual in halting the restrained party's abusive conduct just to obtain an extension of that ineffectual order." (*Ritchie, supra*, 115 Cal.App.4th at p. 1284; accord *In re Marriage of Brubaker & Strum* (2021) 73 Cal.App.5th 525, 536.)

"In challenging a renewal order, the restrained party is not permitted 'to challenge the truth of the evidence and findings underlying the initial order.' " (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 333; see also *Ritchie, supra*, 115 Cal.App.4th at p. 1290.)

8

**B.** *Standard of Review*

A trial court's order granting or denying a request for renewal of a DVRO is reviewed for abuse of discretion. (*Navarro, supra*, 108 Cal.App.5th at p. 238.) If it is necessary to review factual findings, we refrain from reweighing evidence and consider whether the findings are supported by substantial evidence. (*In re Harris* (2024) 16 Cal.5th 292, 319 [reviewing court prohibited from reweighing facts in assessing whether substantial evidence exists]; *Navarro*, at p. 238 [factual findings in DVRO renewal reviewed for substantial evidence]; *M.S. v. A.S.* (2022) 76 Cal.App.5th 1139, 1145 [reviewing court declines to reweigh evidence in determining propriety of DVRO].)

" 'A court abuses its discretion if it acts "in an arbitrary, capricious, or patently absurd manner" ' [citation] or 'when its ruling "falls outside the bounds of reason" ' [citation]." (*People v. Thomas* (2023) 14 Cal.5th 327, 399.) The California Supreme Court has emphasized: " ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court. " ' [Citations.]" (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319.) Nevertheless, "[i]f the court's decision to deny a renewal request is influenced by an erroneous understanding of the law, the court has not properly exercised its discretion under the law. [Citation.]" (*Michael M., supra*, 92 Cal.App.5th at p. 178.)

9

## C. *Analysis*

Father contends on appeal that the trial court abused its discretion when it granted mother's renewal request, arguing that there was insufficient evidence that mother had an objectively reasonable fear, that the court's evidentiary rulings deprived him of due process, and that the court's statements coaching mother's attorney violated judicial ethics and deprived father of a meaningful hearing.

None of father's arguments are convincing. The court found father had violated the prior DVRO, and it found sufficient evidence that mother had a reasonable fear that such behavior would continue absent a renewal. Keeping in mind that mother did not need to show a violation of the prior DVRO in order to show reasonable apprehension of future abuse (*Michael M., supra*, 92 Cal.App.5th at p. 179), it bears emphasizing that the court did find such a violation, and based on our review of the record substantial evidence supports the court's express findings that, "[father] has violated the restraining order on different occasions; one, by coming over with his car, sitting outside the residence; and by admittedly communicating with his son outside the restrictions of the other court's orders." More importantly, father's evidentiary argument amounts to a dissatisfaction with the trial court's credibility determination, a determination that we have no occasion to second-guess. (See *Curcio v. Pels* (2020) 47 Cal.App.5th 1, 12 [a reviewing court "must accept as true all evidence supporting the trial court's findings" and will "not determine credibility or reweigh the evidence"].)

Regarding the instances when the court declined to hear additional evidence offered by father, father's evidence simply

10

provides an alternate explanation for his presence near mother's home, but that information does not refute mother's reasonable fears, and so father cannot show that the court's evidentiary decision was prejudicial. Finally, we reject father's claims that the court's statements suggesting that mother's counsel focus on the matters most relevant to its decision was evidence of bias or a lack of ethics. Father's appeal is premised solely upon his dissatisfaction with the court's credibility determinations and findings of fact; we have reviewed the transcript of the hearing and conclude father's claims of due process violations or trial court bias are unfounded.

The court had before it evidence and testimony of at least two instances where mother reasonably believed that father had violated the prior restraining order. Given that the initial DVRO was issued in the context of a family law custody proceeding, there was sufficient evidence to support the trial court's finding that mother had a reasonable apprehension that, if the restrictions of the initial DVRO were no longer in place, father would resume his attempts to have increased contact with her and with son. (Compare *Cueto v. Dozier* (2015) 241 Cal.App.4th 550, 561–562 [focus is on evidence to support finding that applicant's fear of future abuse is reasonable].)

11

## DISPOSITION

The court's June 3, 2025 restraining order is affirmed. Respondent Lin Gan is awarded her costs on appeal.

NOT TO BE PUBLISHED.

MOOR, J.

WE CONCUR:

HOFFSTADT, P. J.

KUMAR, J.*

---

\* Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.